(10 App. Div. 128.)

### PHILLIPS v. LIEBMANN et al.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

1. GUARDIAN AND WARD—REMOVAL OF GUARDIAN—ACCOUNTING.
    Code Civ. Proc. §§ 2832–2834 (contained in chapter 18, tit. 7, relating to guardians), provide for their removal for certain causes; but do not provide for an accounting in the proceeding for the removal. Section 2603 (contained in said chapter 18, tit. 2, relating generally to proceedings in surrogates' courts) provides that a decree revoking letters of guardianship may, in the surrogate's discretion, require the guardian to account. *Held*, that the authority to require an accounting, conferred by section 2603, applies in proceedings for removal under sections 2832–2834.

2. SAME—COSTS—SURETIES' LIABILITY.
    Sureties of a guardian are liable for costs awarded against him by the surrogate, which were incurred in disproving his account, filed in proceedings for his removal.

Appeal from trial term, New York county.

Action by Frank D. Phillips, as general guardian of Lulu E. Walker, against Joseph Liebmann and another, as sureties on the bond of Henry Semcken and Henry Yager, as guardians of said Lulu E. Walker. From a judgment for $980.46 damages and $136 costs, entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Samuel Hoff and Howard P. Okie, for appellants.
Frank D. Pavey, for respondent.

RUMSEY, J. On the 31st of December, 1888, Henry Semcken and another were appointed by the surrogate general guardians of Lulu E. Walker, and they, with the two defendants, gave the usual guardian's bond. Semcken alone assumed the execution of the trust, and all the money of the infant came into his possession. In February, 1895, a petition was filed in the office of the surrogate asking for the removal of the guardians, for reasons therein stated, and a citation was issued, directed to the guardians and to the two sureties, requiring them to appear on the 26th of February, 1895, at the surrogate's court, and show cause why the guardians should not be removed and their letters of guardianship revoked. These proceedings were taken, and citation was issued, pursuant to sections 2832, 2833, and 2834 of the Code of Civil Procedure, which are a part of chapter 18 of that statute. The citations were served upon all the parties therein named, and such proceedings were thereupon had that the guardians were removed, and were ordered to account. An account was filed by Semcken, as guardian, the accuracy of which was contested, and it was referred to a referee to take and state the accounts. As the result of the hearing it was found that there was in the hands of Semcken, as guardian, $613.16. Upon the coming in of that report, the surrogate made his decree, requiring Semcken to pay over to the plaintiff here the sum of $613.16, and, in addition, the sum of $344 costs, amounting,

in all, to $957.16. This decree was properly entered, and an execution issued upon it, which was returned unsatisfied, and thereupon this action was brought against the sureties, and upon the trial it resulted in a recovery for the amount claimed.

The sureties object, in the first place, that the surrogate had no jurisdiction to direct an accounting. This objection is not well taken. The proceedings for the removal of these guardians were had under chapter 18 of the Code of Civil Procedure. By section 2603 of the Code, which is in chapter 18, it is enacted that, upon the entry of the decree revoking letters issued to a guardian, as prescribed in chapter 18, the decree may, in the discretion of the surrogate, require him to account for all money or other property received by him, and to pay and deliver over all money to his successor in office. This is just what the surrogate did, and he was authorized to do it by this section.

It is objected, in the second place, that the sureties were not liable for the costs included in the decree. These costs were properly granted by the surrogate, under the authority given to him by sections 2557 and 2558 of the Code. They are awarded to the successful party, to compensate him for the expenses necessarily incurred by him in asserting his right against the guardian. That bond makes the sureties liable whenever guardians shall fail to pay over any sum of money which the court has authority to require him to pay in any proceeding which the court has power to entertain against him. The costs became an inherent part of the decree against the guardian, and the sureties were as much liable for that as for any other money which he was adjudged to pay. In Douglass v. Ferris, 138 N. Y. 192, 33 N. E. 1046, the court say that:

"The decree against the guardian constitutes the measure of the liability of the sureties. If the decree by which the accounting is had directs costs to be included in the judgment, then the costs are a part of the debt for which the sureties are liable."

While this statement was a dictum on the part of the court, yet it lays down the correct rule as we believe. These considerations dispose of the objections taken by the defendant to the form of the decree.

Exception is taken to some of the rulings of the surrogate during the trial. We have examined those rulings, and we are satisfied that they are not incorrect. There is no doubt that the amount which was adjudged by the surrogate to be in the hands of Semcken was correct. Indeed, that is conceded by the offer of judgment.

The judgment and order appealed from must be affirmed, with costs. All concur.