CENTRAL HANOVER BANK & TRUST COMPANY, Plaintiff, *v.* KAYROS DE LA VEGA et al., Defendants.

Supreme Court, Special Term, New York County, February 25, 1954.

*Saul I. Radin* for Federico de la Vega, petitioner.

*Finch & Schaefler* for Bank of New York, respondent.

*Samuel C. Cantor,* special guardian.

BRISACH, J.   The father of Kayros de la Vega, an infant, has applied for an order terminating the guardianship of the Bank of New York for said infant and for a further order directing the Bank of New York to turn over the corpus of the trust to a guardian appointed for the infant in Mexico.   The infant is thirteen years of age, having been born on January 18, 1941, in Mexico, is a Mexican citizen, and has lived all her life since her birth with her father in Mexico and has never resided in the United States.

The mother of the infant was the beneficiary of an *inter vivos* trust established for her benefit, which terminated by the mother's death.   Thereupon the infant became entitled to the fund.   A judgment of this court was entered herein on April 7, 1943.   At the time of the entry of the judgment the infant and her father were residents and citizens of Mexico and upon consent of all the parties appearing in this action, the Bank of New York (successor by merger to the Fifth Avenue Bank of New York) was appointed guardian of the infant herein.

On December 3, 1953, the Banco Hipotecari Fidiciario Y de Aharros, S.A., Humboldt 19, Esq., Con Colon, Mexico 1 D.F., was appointed general guardian of the infant herein by the Pupillary Court of Mexico City, Mexico.   The reason for the

present application is to enable the infant to obtain a more substantial income which it is alleged can be derived from investment of the principal in Mexico and for the further reason that the infant, being a citizen and resident of Mexico, the administration of her funds should be had in Mexico.

The petition alleges that the income derived by the infant at the present time is approximately $2,000 annually and averages a yield of approximately 3%, whereas on legal investments as prescribed and allowed in Mexico the same fund can yield approximately 8%, or almost three times the yield now realized.

The petition further shows that at the time of the entry of the judgment the basis for the consent to the appointment of the predecessor of the Bank of New York as guardian was primarily due to the unstable conditions in Mexican investments in 1943, but that these conditions in Mexico are now changed and have become stable and if the investments are permitted to be made in accordance with the provisions of Mexico law, the funds would be adequately protected.

The Bank of New York opposes the present application upon three separate grounds. First, that the Banco Hipotecari Fidiciario Y de Aharros, S.A., Humboldt 19, Esq., Con Colon, Mexico 1 D.F., the guardian appointed in Mexico, is prohibited under subdivision 3 of section 131 of the New York Banking Law from being appointed as guardian of the property of the infant. This objection might be well taken if the Mexican Bank were to be appointed guardian in this State. However, the guardian to whom it is sought to transfer the fund was appointed by the courts of Mexico and as a result subdivision 3 of section 131 of the Banking Law is not applicable. (See *Matter of Matthiessen,* 195 Misc. 598.) The second objection is to the effect that even if the Mexican bank could be appointed by this court, it would be subject to the laws of this State as to the types of investments it could make and thus the principal reason for the relief sought would be nullified. This objection is without merit by reason of the fact that the successor guardian having been appointed by the courts of Mexico would be subject to the jurisdiction of the Mexican courts. It is also contended by the respondent that the judgment of April 7, 1943, concluded the proceedings and a certified copy of said judgment was filed in the Surrogate's Court by reason of which the application should be made in the Surrogate's Court. The undisputed fact remains that the guardian was appointed by this court, and it is well settled that where the Supreme Court and the Sur-

rogate's Court have concurrent jurisdiction, the court that acquires prior jurisdiction in the orderly course of procedure will retain it. The guardian having been appointed by this court, it continues to retain jurisdiction of its decrees (*Matter of De Saulles,* 101 Misc. 447).

This court having appointed the guardian, retains jurisdiction of the proceeding and the jurisdiction is continuing (*People* v. *System Properties,* 189 Misc. 991).

The Bank of New York further objects on the ground that the petition did not request a direction for the filing and settlement of the account of the bank and that such direction being necessary, the present application is not proper. This objection is not well taken. The court in its discretion, if it is satisfied on all other grounds that the guardian is entitled to have the fund transferred, may require it to account for all money and property received by it and pay and deliver over all money to its successor (*Phillips* v. *Liebmann,* 10 App. Div. 128).

Under the general rule that the law of the domicile governs as to the status of a person and the disposition and management of his movable property, the domicile of an infant is regarded as the most appropriate place for the appointment of a guardian of his person and estate to be made, although for the protection of either, a guardian may be appointed in any country where the person or property of an infant may be found.

Ordinarily the powers and duties of a guardian are determined by the law of the jurisdiction in which he was appointed, but in the absence of contrary statutory provision, the law of the domicile of the ward will control as to the management and investment of his property. In the *Matter of Bond* (251 App. Div. 651, 654–655), the court stated: " Guardianship is a trust of the most sacred character. From the guardian the law exacts absolute fidelity and will be satisfied with nothing less. In the case before us the infant is a citizen and resident of a sister State. Her mother is her natural protector. The mother has been commissioned by the court in the jurisdiction where both are domiciled as the guardian of the person and estate of the daughter. There is eminent propriety in having the personal property of a ward in the same jurisdiction in which such ward has her legal residence. It will, as a general rule, be better cared for and administered at that place. We may confidently assume that the Superior Court of California will jealously guard this infant's estate against unwise or unnecessary dissipation. That court is much more convenient for the adminis-

tration of the trust. We may also safely assume that the best interests of the child will be subserved by placing the guardianship of her property in the custody of her mother. Surely she will at least be as watchful of her daughter's interests as a banking corporation. No plausible reason is suggested why the fund should not be transferred. We should not charge ourselves with the administration of the portion of the estate that is here where the proof conclusively shows the regularity of petitioner's appointment by a court of competent jurisdiction in the State where the ward resides and where the evidence convincingly shows the need of a change. There is not a scintilla of evidence to indicate that the removal of the fund would be inimical to the infant's interests. In fact, we may judicially notice that the estate would suffer financial loss by dual guardianship. The question of the exercise of the power to remove the personal property of the ward from this State to the State of her residence is addressed to the sound judicial discretion of the court, to be determined upon principles of national comity, equity and justice.''

The moneys which constitute the fund in question belong to the infant and although because of circumstances and conditions existing at the time the present guardian was selected and appointed, no sound reason against the change of the guardian has been advanced. The Bank of Mexico was appointed the guardian of the infant, has accepted its guardianship and agreed to administer it under the laws of Mexico.

The special guardian in a carefully prepared report finds that there is considerable merit to the present application and has no objection to the granting of this application upon the conditions set forth in his report. The application is granted, and the Bank of New York as general guardian of the infant herein is directed to file and move for the judicial settlement of its account as such guardian within thirty days after service of a copy of this order with notice of entry thereof and the service and filing of a copy of the account with the special guardian. Pending the filing of the final account and the filing of the special guardian's supplemental report, final disposition will be held in abeyance. Settle order.